UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SIDNEY WILLIAMS, TRENT PATTERSON,
and VINGAL CARTER,

                Plaintiffs,                                  NOT FOR PUBLICATION
                                                        **MEMORANDUM & ORDER**
        -against-                                  16-CV-5420 (CBA) (ST)

JOSEPH PONTE and MAXOLAINE MINGO,

                Defendants.
------------------------------------------------------------x
**AMON, United States District Judge:**

      On September 22, 2016, plaintiffs Sidney Williams, Trent Patterson, and Vingal Carter, all incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, filed this pro se action against Joseph Ponte, the Commissioner of the New York City Department of Corrections, and Maxolaine Mingo, the Warden of AMKC. (D.E. # 1.) Plaintiffs filed an amended complaint on October 13, 2016. (D.E. # 7 ("Am. Compl.").) They allege that the poor air quality at AMKC violates their constitutional rights and seek damages pursuant to 42 U.S.C. § 1983. The Court grants plaintiffs' requests to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court dismisses the amended complaint and grants plaintiffs leave to file a second amended complaint within thirty (30) days of this Order.

## BACKGROUND

      Plaintiffs allege that "Rikers Island subjects Plaintiffs to poor air quality," specifically methane gas from a landfill and nitrogen oxide from "five power plants less than a mile away." (Am. Compl. at 4.) According to plaintiffs, methane gas is "linked to many short and long term health effects," including increased risk of asthma attacks and lung cancer. (Id.) They contend that the "inhumane conditions" at AMKC "cause constant metal pain, anguish, serious health risks,

1

increased heart [and] lung complications, asthma treatment," and emphysema. (Id.) Plaintiffs also attach to their complaint an undated article on conditions on Rikers Island, describing flooding, extreme heat conditions, and poor air quality.[1] (Id. at 6–17.) Plaintiffs seek $5 million and "a full investigation." (Id. at 5.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it: (1) "is frivolous or malicious," (2) "fails to state a claim upon which relief may be granted," or (3) "seeks monetary relief from a defendant who is immune from such relief." Leave to amend must be granted if a liberal reading of the pleading "gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted).

At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). All allegations contained in the complaint are assumed to be true, but this tenet is "inapplicable to legal conclusions." Id. Although pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations

---

[1] The article appears to be from an online journal titled "Grist." See http://grist.org/justice/a-sinking-jail-the-environmental-disaster-that-is-rikers-island (last visited Oct. 31, 2016).

2

to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

## DISCUSSION

To prevail on a claim based on constitutionally inadequate conditions of confinement, an inmate must allege that: "(1) objectively, the deprivation the inmate suffered was 'sufficiently serious that he was denied the minimal civilized measure of life's necessities,' and (2) subjectively, the defendant official acted with 'a sufficiently culpable state of mind . . ., such as deliberate indifference to inmate health or safety.'" Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013) (quoting Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001)). "To meet the objective element, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." Id. To meet the subjective element, the plaintiff must show that the defendant "acted with more than mere negligence," and instead knew of and disregarded an "excessive risk to inmate health or safety." Id. (internal quotation marks omitted).

Here, plaintiffs' complaint merely offers the conclusory claim that methane gas at AKMC may have caused them some unidentified harm. Such conclusory statements do not satisfy the pleading standard set forth in Twombly. Indeed, courts within this Circuit have routinely dismissed the types of bare allegations made by plaintiffs here regarding methane gas exposure at Rikers Island. See, e.g., Youmans v. City of New York, 14 F. Supp. 3d 357, 362 (S.D.N.Y. 2014) ("Plaintiff offers no support for his claim that his symptoms are caused by any methane expulsions. As pleaded, Plaintiff has failed to plausibly state a constitutional violation related to the methane expulsions."); Gladden v. City of New York, No. 12-CV-7822 (PKC), 2013 WL 4647193, at *2 (S.D.N.Y. Aug. 29, 2013) (dismissing pro se prisoner's complaint because it was based "entirely on an unidentified internet posting that apparently asserts the presence of methane on Rikers

3

Island," and because the plaintiff offered "no factual allegation that connect[ed] his purported injuries to methane exposure."). Although plaintiffs attach to their complaint an article on conditions at Rikers Island, this report "is not an adequate factual basis for [plaintiffs'] claims that toxins have harmed [them]." Cepeda v. Bloomberg, No. 11-CV-2914 (WHP), 2012 WL 75424, at *2 (S.D.N.Y. Jan. 4, 2012).

Plaintiffs also fail to make any allegations against defendants Commissioner Ponte or Warden Mingo that could suggest that they had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiffs' civil rights. Farrell, 449 F.3d at 484. A § 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law. See Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting Farrell, 449 F.3d at 484).

## CONCLUSION

Accordingly, the amended complaint, filed in forma pauperis, is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). However, in light of plaintiffs' pro se status, the Court grants plaintiffs leave to file a second amended complaint within thirty (30) days from the date of this Order as set forth above. All further proceedings shall be stayed for thirty (30) days. If plaintiffs elect to file a second amended complaint, it shall be captioned "SECOND AMENDED COMPLAINT" and bear the same docket number as this Order, No. 16-CV-5420 (CBA) (ST).

Each plaintiff must provide all relevant facts, including the date(s) of each event, the location or where each act or failure to act occurred, a description of what actually occurred, and the names of all individuals personally involved in each event. Each plaintiff must provide a

description of any medical issues and any steps taken to seek medical treatment. If medical treatment was denied, plaintiffs must provide the date and the name of the prison official who allegedly denied each plaintiff medical treatment. Plaintiffs must name as defendants the individuals who allegedly violated their rights. If plaintiffs cannot identify each individual within the time allowed, they can identify each defendant as John/Jane Doe, along with the place of employment, date and tour of duty, and a physical description. If filed, the second amended complaint shall replace the original complaint and the amended complaint.

If plaintiffs fail to file a second amended complaint within the time allowed or show good cause why they cannot comply, judgment dismissing this action shall be entered. If submitted, the second amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. § 1915A and § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: May 26, 2017
Brooklyn, New York

/ s/ Carol Bagley Amon
Carol Bagley Amon
United States District Judge