UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 26 2019 ★
BROOKLYN OFFICE

------------------------------------------------------------x
SIDNEY WILLIAMS, TRENT PATTERSON,
and VINGAL CARTER,

                Plaintiffs,

-against-

JOSEPH PONTE and MAXOLAINE MINGO,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
16-CV-5420 (CBA) (ST)

**AMON, United States District Judge:**

Plaintiffs Sidney Williams, Trent Patterson, and Vingal Carter filed this pro se action against Joseph Ponte, the Commissioner of the New York City Department of Corrections, and Maxolaine Mingo, the Warden of the Anna M. Kross Center ("AMKC") on Rikers Island. (D.E. # 1.) Plaintiffs filed an amended complaint alleging that the poor air quality at AMKC violates their constitutional rights and seeking damages pursuant to 42 U.S.C. § 1983. (D.E. # 7 ("Am. Compl.").) The Court granted Plaintiffs' request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The Court dismissed the amended complaint and granted plaintiffs leave to file a second amended complaint that would cure the deficiencies. Plaintiffs asked for a continuance to secure pro bono counsel, which was granted, but no one has appeared on Plaintiffs' behalf.[1] Because Plaintiffs have not cured the deficiencies identified by the Court, the second amended complaint is similarly dismissed.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it: (1) "is frivolous or malicious," (2) "fails to state a claim upon which relief

---

[1] Plaintiffs also requested the appointment of pro bono counsel, which did not come to the Court's attention at the time. Regardless, the Court denies that application. The Court does not believe that the interests of justice require appointment of counsel in this matter because there is not a likelihood of success on the merits. Hodge v. Police Officers, 802 F.2d 58, 60–61 (2d Cir. 1986).

1

may be granted," or (3) "seeks monetary relief from a defendant who is immune from such relief." The Court previously articulated that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court advised Plaintiffs that their amended complaint was deficient because it offered only conclusory allegations that methane gas at AMKC may have caused some unidentified harm without sufficient specific factual allegations to satisfy Twombly's pleading standard. (D.E. # 21 at 3.) Plaintiffs also failed to make specific allegations against the Defendants that could suggest any direct involvement in, knowledge of, or responsibility for the alleged deprivation of Plaintiffs' civil rights by the Defendants. (Id. at 4.) The Court advised Plaintiffs to:

> ...provide all relevant facts, including the date(s) of each event, the location or where each act or failure to act occurred, a description of what actually occurred, and the names of all individuals personally involved in each event. Each plaintiff must provide a description of any medical issues and any steps taken to seek medical treatment. If medical treatment was denied, plaintiffs must provide the date and the name of the prison official who allegedly denied each plaintiff medical treatment. Plaintiffs must name as defendants the individuals who allegedly violated their rights. (Id. at 4–5.)

Plaintiffs' Second Amended Complaint has not cured those previously identified deficiencies. Plaintiffs plead an insufficiently specific connection between methane gas and medical injury. (D.E. # 25: Second Amended Complaint at 4.) Plaintiffs also offer no non-conclusory allegations regarding the involvement of the Defendants—a defect that would be independently fatal to their claim. See Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)) (internal quotation marks omitted). Plaintiffs have merely recited the relevant

2

legal standard regarding defendant Mingo, (D.E. # 25 at 4), and have offered no non-conclusory allegations about individual defendants in the Second Amended Complaint.[2]

## CONCLUSION

For these reasons, the Court dismisses Plaintiffs' second amended complaint, and the Clerk of Court is respectfully requested to close the case.

SO ORDERED.

Dated: September 25, 2019
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

---

[2] Plaintiff Carter submitted a letter to the Court prior to the Second Amended Complaint in which he makes an allegation specific to defendant Ponte. The letter states that he "reached out" to Ponte and informed Ponte that his health had declined after being incarcerated at Rikers. (D.E. # 22 at 2.) However, even if that had been pled in the Second Amended Complaint, this vague allegation would be insufficient to sustain a case against Ponte. There are no sufficient allegations of Ponte's personal involvement in a constitutional violation.